**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| **RANDEZ WEST,** | : | **Civil Action No. 20-6462 (ES)(MAH)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **REPORT AND RECOMMENDATION** |
| **HOME DEPOT, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

## I.     INTRODUCTION

This matter is presently before the Court on the motion of Plaintiff Randez West to remand this action to the Superior Court of New Jersey, Law Division, Hudson County.  *See* Pl.'s Motion to Remand, June 18, 2020, D.E. 7.  The Court has considered this motion on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth herein, the Court recommends that the District Court deny Plaintiff's motion.

## II.     BACKGROUND

Plaintiff is a New Jersey resident living in Bloomfield, New Jersey.  Compl., D.E. 1-1, Ex. A to Pet. For Removal, at 2.  Home Depot is incorporated under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.  Pet. For Removal, D.E. 1, ¶ 14.  The Complaint seeks relief for discrimination on the basis of age, race and handicap.  Compl., D.E. 1-1, Ex. A to Pet. For Removal, at ¶ 6.  Plaintiff alleges that he was the victim of a hostile work environment due to race and/or age discrimination.  *Id.* at ¶ 96.  Plaintiff also alleges that he was terminated from his employment due to his age, race and disability.  *Id.* at ¶

1

144.  He contends that he suffered loss of employment as well as "stress, anxiety, internal emotional trauma, restlessness, anger, agitation, and humiliation." *Id.* at ¶¶ 67, 72.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Hudson County, against Home Depot on April 6, 2020.  *See* Civil Case Information Statement, D.E. 1-2, Ex. A to Pet. For Removal, at 36.  Plaintiff served Home Depot through its registered agent on May 6, 2020.  *See* Acknowledgement of Service, D.E. 1, Ex. B to Pet. For Removal, at 2.  On May 28, 2020, Home Depot removed this case to federal court on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a).  *See* Notice of Removal, D.E. 1-3.

On June 18, 2020, Plaintiff moved to remand this matter to the Superior Court of New Jersey, Law Division, Hudson County.  Mot. to Remand, D.E. 7.  Plaintiff contends that remand is required for lack of complete diversity because much of Home Depot's high-level decision making occurs in New Jersey, which according to Plaintiff, constitutes Home Depot's "actual center of direction and control . . . ." *Id.*

## III.  ANALYSIS

Removal pursuant to 28 U.S.C. § 1441 is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy is greater than $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  To satisfy the diversity of citizenship requirement, each Plaintiff must be completely diverse from each Defendant.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374-75 (1978).  A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c).  Upon removal, the party asserting federal jurisdiction "bears the burden of showing, at all stages of the litigation, that the case if properly before the

federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). All doubts concerning jurisdiction must be resolved in favor of remand. *See id.*

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The principal place of business is also known as the "nerve center," and is typically the corporation's headquarters, so long as "the headquarters is the actual center of direction, control, and coordination … and not simply an office where the corporation holds its board meetings." *Id.* at 93.

"In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting forth their proper places of incorporation and principal place of business." *Chang v. Bank of New York Mellon Corp.*, No. 17-11061, 2018 WL 278737, at *2 (D.N.J. Jan. 2, 2018) (quoting *Collins v. James W. Turner Constr., Ltd.*, No. 16-2877, 2017 WL 210236, at *3 (D.N.J. Jan. 18, 2017)). In this case, Home Depot relies on the Declaration of Liselle Bartholomew, who is a Legal Specialist in the Home Depot Employment Law Department. Decl. of Liselle Bartholomew, July 6, 2020, D.E. 8-1 at ¶ 2 ("Bartholomew Decl."). Ms. Bartholomew attests that Home is incorporated in the State of Delaware, and that its principal place of business is in the State of Georgia, where its headquarters and executive offices are located. *Id.* at ¶¶ 4-5. Further, its President and Chief Executive Officer, its Chief Financial Officer, its General Counsel and Corporate Secretary, and several other principal officers are all located in Atlanta, Georgia. Id. at ¶ 6. Ms. Bartholomew also asserts that Home Depot makes its major business decisions from Atlanta; and that Atlanta is the location of Home

Depot's annual shareholder meeting. *Id.* at ¶¶ 7-8. Home Depot's Form 10-K for the fiscal year ended on February 2, 2020, filed with the Securities and Exchange Commission, similarly identified its principal executive offices as being in Atlanta, Georgia. Bartholomew Decl., Ex. B.

Plaintiff submits that much of Home Depot's high-level decision-making occurs in the State of New Jersey, that Home Depot conducts "substantial, widespread, and complex business operations in New Jersey," and that Home Depot's largest retail store is located in New Jersey. Plaintiff's Moving Brief, D.E. 7-2, at 4. But there are three problems with that assertion. First, it is simply a representation made in a brief, unaccompanied by an affidavit or declaration or other reliable source of information. Second, those facts are inapposite to determining a corporation's citizenship for purposes of diversity jurisdiction. Third, it is well established that the presence of retail locations in a particular state does not compel the conclusion that the corporation's principal place of business is in that state. *See Hann v. Home Depot*, No. 18-10223, 2019 WL 479348, at *2 (D.N.J. Feb. 7, 2020). In fact, Home Depot's 2019 Annual Report identifies several states that have considerably more Home Depot retail stores than New Jersey. Bartholomew Decl. ¶ 11 and Ex. A.

Other federal courts also have found that Home Depot's principal place of business is in Atlanta. *See id.* at *4-5 (finding that Home Depot's principal place of business is in Atlanta, Georgia based on declaration submitted by Liselle Bartholomew); *Rodriguez v. Home Depot U.S.A., Inc.*, No. 16-01945, 2016 WL 3902838, at *4 (N.D. Cal. July 19, 2016). Accordingly, this Court finds that Home Depot is not a citizen of the State of New Jersey for purposes of diversity jurisdiction. Complete diversity of citizenship therefore exists between the parties. Further, the Notice of Removal properly pleaded the amount in controversy, *see* Notice of

Removal, May 28, 2020, D.E. 1, ¶ 15, and Plaintiff has not challenged it.  Accordingly, this

Court concludes that Home Depot's removal of this civil action to federal court was proper.

**IV.    CONCLUSION**

       For the reasons above, the Undersigned recommends that the District Court deny

Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division,

Hudson County.  The parties have fourteen days to file and serve objections to this Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c).


                        **s/ Michael A. Hammer**               
                        **UNITED STATES MAGISTRATE JUDGE**

**Date:  August 6, 2020**